JOSEPH DAWISKI, Admr., *vs.* NATICK MILLS.

DECEMBER 19, 1910.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Pleading. Declaration. Duplicity. Amendment.*
Where it is conceded that a declaration is bad for duplicity, and it appeared
 on argument upon demurrer that plaintiff relied upon a case at variance
 with the allegations of his declaration, it is unnecessary to consider further
 objections to the declaration, but plaintiff should move to amend in order
 that it may conform to the truth of the case.

TRESPASS ON THE CASE for negligence. Heard on exceptions
of plaintiff, and overruled.

DUBOIS, C. J. This is an action of trespass on the case for
negligence resulting in the death of the infant daughter of the
plaintiff, brought by her father, the administrator of her estate,
to recover damages therefor.

The plaintiff's declaration reads as follows:

"Joseph Dawiski, of Warwick, County of Kent, State of
Rhode Island, administrator of the estate of Bronislawa
Dawiski, plaintiff, complains of the Natick Mills, a corporation
legally created, located and doing business in Providence,
State of Rhode Island, defendant, who has been summoned by
the sheriff to answer the said plaintiff in an action of case.

"For that whereas the defendants were the owners of certain land and buildings situated in the Town of Warwick and had the control over that part of said land where there was a certain cesspool or cistern located on said land, the plaintiff avers that there was a certain cover on said cesspool or cistern, and that said Bronislawa Dawiski, a child of tender years, the daughter of the plaintiff Joseph Dawiski, while in the exercise of due care and diligence on her part, to wit, on the 20th day of July, 1908, at said Warwick, stepped upon the cover of said cesspool or cistern, fell into said cesspool or cistern and was killed.

"And the plaintiff avers that the said cover of said cesspool or cistern was not securely and safely placed on said cesspool or cistern or safely locked and fastened but that said cover of said cesspool or cistern tipped and was liable to tip and that the said defendants well knew or by reasonable prudence and observation should have known that the said cover of said cesspool or cistern was not securely and safely placed on said cesspool or cistern or safely locked and fastened, but that said cover of said cesspool or cistern tipped and was liable to tip. The plaintiff avers that said Bronislawa Dawiski was a child of tender years of the plaintiff, Joseph Dawiski, who was a tenant of the said property of the said defendants, and had a right to be upon said property, and that said Bronislawa Dawiski, being a child of tender years, was ignorant and had no reason to believe that said cover of said cesspool or cistern was not securely and safely placed on said cesspool or cistern, or not safely locked and fastened and that said cover of said cesspool or cistern tipped and was liable to tip.

"And the plaintiff further avers that the said defendants being in control of said part of said land where said cesspool or cistern was located on said land and being so thereof informed, as aforesaid, and that said Bronislawa Dawiski, having a right to be upon said property and being ignorant as aforesaid, it then and there became and was the duty of said defendants, their agents and servants to warn her, the said Bronislawa Dawiski, of the fact that said cover on said cesspool or cistern tipped and was liable to tip, and of the dangers connected therewith; and

it was the further duty of the said defendants, their agents and servants to provide a cover on said cesspool or cistern that would not tip or be liable to tip, and reasonably inspect said place where said cesspool or cistern was located to see whether said cover on said cesspool or cistern was securely and safely placed on said cesspool or cistern, so that said cover would not tip or be liable to tip, but that the said defendants, their agents and servants wholly unmindful of said duties in that behalf and grossly negligent and careless in that particular, did not warn her, the said Bronislawa Dawiski of the fact that said cover on said cesspool or cistern tipped and was liable to tip, and of the dangers connected therewith and did not provide a cover on said cesspool or cistern, that would not tip or be liable to tip or securely and safely place, lock and fasten said cover on said cesspool or cistern so that said cover would not tip or be liable to tip and did not reasonably inspect said place where said cesspool or cistern was located, to see whether said cover on said cesspool or cistern was securely and safely placed on said cesspool or cistern so that said cover would not tip or be liable to tip, whereby the said Bronislawa Dawiski, while rightfully on said property of said defendants, and in the exercise of due care and diligence, fell into said cesspool or cistern as aforesaid.

"The plaintiff avers that said Bronislawa Dawiski in falling, was killed and drowned. The plaintiff Joseph Dawiski, avers that he is the father of said Bronislawa Dawiski, and that he sues for the death of said Bronislawa Dawiski for the benefit of himself as the only heir-at-law of said Bronislawa Dawiski.

"To the damage of the said plaintiff in the sum of Five Thousand dollars, and therefore he brings this suit."

To this declaration the defendant demurred, and as reasons therefor assigned the following:

"First, the facts as stated in said declaration show no duty towards the plaintiff imposed by law upon the defendant.

"Second, the said declaration shows no cause of action against the said defendant by the said plaintiff.

"Third, it appears by the said declaration that the proximate

cause of the accident was the exposing of the child by the parents to the risk which was as obvious to the parents as to the defendant.

"Fourth, the declaration sets out and alleges several distinct and independent breaches of duty, and this it is ready to verify."

Upon hearing, the foregoing demurrer was sustained by the Superior Court, and the plaintiff duly excepted to said ruling. The case is now before this court upon the plaintiff's bill of exceptions.

The first paragraph of the declaration that has reference to the fatal accident in question contains the statement that there was a cesspool or cistern on land controlled by the defendant, with a cover thereon, and that the deceased, in the exercise of due care, stepped upon the cover, fell into the cesspool or cistern and was killed. This statement, considered by itself, indicates a dangerous and defective condition of the cistern or cesspool, namely: in having a cover so constructed as to give way when stepped upon by a person using due care. The shape or size of the cover is not disclosed, neither is there any information given as to the material whereof the same was composed, whether it was made of wood, iron, glass, or paper. Nor are we apprised of the condition of the cover, as to its being new or old, worn or otherwise. The next paragraph also describes a condition of insecurity and danger in that the cover was not securely and safely placed on the cesspool or cistern or safely locked or fastened, but that it tipped and was liable to tip. There is nothing in the allegation to enable the reader to determine whether the pleader means that the cover was defective in its construction so that it could not be safely and securely placed upon the cesspool or cistern or be thereon safely locked or fastened, or whether, notwithstanding the fact that the same was designed and adapted to be securely and safely adjusted upon the cesspool or cistern and to be properly locked or fastened, it was improperly placed and left unlocked and unfastened. Neither is there any allegation of time to indicate how long before the accident the negligent condition, of which

the plaintiff complains, had existed.   The following paragraph relative to the duty owed by the defendant to the deceased and its breach of the same, sets out first, the duty to warn her of the liability of the cover to tip and the danger arising therefrom; second, the duty to provide a cover that would not tip; third, the duty to reasonably inspect the cistern or cesspool for the purpose of ascertaining whether the cover was securely placed so that it would not tip or be liable to tip, or whether the same was locked or fastened.   In his brief, and during his argument, the plaintiff appeared to rely upon a state of facts totally at variance with the allegations contained in the declaration. On demurrer we must assume that the facts are set out in the declaration.   We can not consider other and different circumstances.   If the plaintiff has not described the case that he intends to sustain by proof, he should move to amend his declaration in order that the same may conform to the truth of the case.   The plaintiff admits that the declaration is bad for duplicity in alleging different breaches of duty in one count, but suggests that such defect may be cured by amendment. As it is conceded that the demurrer must be sustained for the reason aforesaid, and as it appears that the plaintiff relies upon a case somewhat different from the one declared upon, we do not deem it necessary to make further comment upon the allegations of the declaration.

The plaintiff's exceptions are therefore overruled, and the case is remitted to the Superior Court for further proceedings.

*George W. Bennett, Jr.,* for plaintiff.

*Dexter B. Potter, Edward A. Stockwell,* for defendant.